NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**UNILOC USA, INC., UNILOC LUXEMBOURG S.A.,**
*Plaintiffs-Appellants*

**v.**

**ADP, LLC,**
*Defendant*

**BIG FISH GAMES, INC.,**
*Defendant-Appellee*

———————————————

2018-1132, -1346

———————————————

Appeals from the United States District Court for the Eastern District of Texas in Nos. 2:16-cv-00741-RWS and 2:16-cv-00858-RWS, Judge Robert Schroeder III.
--------------------------------------------------------------------------------

**UNILOC USA, INC., UNILOC LUXEMBOURG S.A.,**
*Plaintiffs-Appellants*

**v.**

**AVG TECHNOLOGIES USA, INC., BITDEFENDER LLC, KASPERSKY LAB, INC.,**
*Defendants-Appellees*

———————————————

2018-1448

_____

Appeal from the United States District Court for the Eastern District of Texas in Nos. 2:16-cv-00393-RWS, 2:16-cv-00394-RWS, and 2:16-cv-00871-RWS, Judge Robert Schroeder III.

---------------------------------------------------------------------------------

**UNILOC USA, INC., UNILOC LUXEMBOURG S.A.,**
*Plaintiffs-Appellants*

**v.**

**ADP, LLC,**
*Defendant-Appellee*

_____

2018-1224

_____

Appeal from the United States District Court for the Eastern District of Texas in No. 2:16-cv-00741-RWS, Judge Robert Schroeder III.

_____

**ON MOTION**

_____

Before O'MALLEY, BRYSON, and CHEN, *Circuit Judges.*

BRYSON, *Circuit Judge.*

## O R D E R

The district court having denied a motion for an indicative ruling to vacate its final judgment, the court now lifts the stay and addresses (1) ADP, LLC's motion to dismiss Appeal No. 2018-1224 as moot, (2) ADP's motion

for sanctions in the form of attorneys' fees, and (3) Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively, "Uniloc")'s motion to vacate the judgment.

The patents at issue in the underlying litigation were originally assigned to International Business Machines Corp. ("IBM"). IBM assigned the patents to Uniloc but retained certain rights. Uniloc filed the underlying suit against ADP for patent infringement. Uniloc separately sued Big Fish Games, Inc. for infringement of the patents in the same judicial district, and the two cases were consolidated for certain pretrial issues. ADP and Big Fish moved to dismiss, arguing the claims were patent ineligible under 35 U.S.C. § 101. While those motions were pending, IBM and Uniloc agreed to amend their assignment agreement, which, *inter alia*, "transferred back to IBM the right to license ADP." The day after the assignment agreement was executed, the district court granted ADP's and Big Fish's motions to dismiss the suits.

On October 20, 2017, the district court entered final judgment in the cases. On the same day, IBM and ADP executed an agreement under which ADP was fully licensed and released from liability for infringement. According to ADP, that license agreement became effective once ADP and Uniloc filed a stipulation to dismiss Uniloc's case against ADP.* On October 27, 2017, the parties filed a stipulation of dismissal and joint motion to vacate the judgment, but it was apparently filed under the wrong event code. On October 31, 2017, the parties filed the same motion, which was then docketed. On November 13, 2017, the district court denied the motion without prejudice because the parties had failed to pro-

---

* Uniloc appears to believe that the license agreement went into effect earlier than the date that ADP and Uniloc actually filed their stipulation at the district court.

vide any grounds to justify vacatur of the decision.  The parties then renewed their motion a few days later.

Despite it being undisputed that the license agreement was in effect, Uniloc filed on November 20, 2017, a notice of appeal from the district court's decision in favor of ADP, docketed as Appeal No. 2018-1224, to go along with their previously filed notice of appeal from the decision in favor of Big Fish.  The same day that Uniloc filed its notice of appeal regarding ADP, the district court denied Uniloc and ADP's renewed motion to dismiss the claims and vacate the judgment for again having failed to show equitable entitlement to the remedy of vacatur.  Uniloc subsequently filed a notice of appeal from that decision, which was docketed at this court as Appeal No. 2018-1346.

ADP moved to dismiss Appeal No. 2018-1224 and for its fees in connection with that appeal.  Uniloc did not oppose dismissal but opposed sanctions and moved to vacate the district court's final judgment.  Uniloc further informed the court that it had moved the district court for an indicative ruling as to whether it would vacate the ADP judgment if the court were to remand for that purpose.  On March 15, 2018, this court issued an order holding the motions to dismiss and for vacatur in abeyance pending the district court's ruling on that motion.  This court's order also noted that the district court should consider whether Uniloc was the patent owner and had standing to pursue the infringement claims at the time of the judgment in the case.  On July 2, 2018, the district court indicated that it would not vacate its judgment and found that no standing issue invalidated its judgment.

The parties agree that in light of the license agreement and release there is no live case or controversy and Appeal No. 2018-1224 should be dismissed as moot.  ADP moves under Rule 38 of the Federal Rules of Appellate Procedure for $50,000 in attorneys' fees and costs associ-

ated with filing and defending its motion to dismiss. Uniloc opposes sanctions largely on the basis that it felt compelled to appeal to preserve its arguments against preclusion in the Big Fish case. Rule 38 provides for an award of "just damages and single or double costs to the appellee" if the court determines that an appeal is "frivolous." After considering the papers submitted, this court declines to assess the requested sanctions but will award ADP the costs associated with its motion.

Uniloc contends that this court must vacate the judgment. "But the Supreme Court's decision in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), confirms that, contrary to [Uniloc]'s position, what action to take regarding an issued decision is not automatically determined by mootness, but is a matter of equitable discretion (to be exercised, like all discretion, within governing legal constraints . . . ." *Microsoft Corp. v. Int'l Trade Comm'n*, No. 2012-1445, 2014 WL 10209132, at *2 (Fed. Cir. Jan. 3, 2014). Uniloc's motion has made no argument beyond the misplaced contention that there is no discretion in the matter. The court's denial of Uniloc's motion to vacate is without prejudice to Uniloc raising any argument for why vacatur is appropriate in Appeal No. 2018-1346. *See, e.g., Cardpool, Inc. v. Plastic Jungle, Inc.*, 817 F.3d 1316, 1323–24 (Fed. Cir. 2016) (addressing an appeal from a district court's refusal to vacate the underlying judgment and the scope of preclusion).

Accordingly,

IT IS ORDERED THAT:

(1) The stay is lifted.

(2) The motion to dismiss Appeal No. 2018-1224 is granted.

(3) The motion for attorneys' fees is denied.

6                                   UNILOC USA, INC. v. ADP, LLC

(4)  The motion to vacate is denied.

(5)  The revised official captions are reflected above.

(6)  Uniloc's opening brief in the remaining appeals is due no later than 40 days from the date of filing of this order.

(7)  Costs in Appeal No. 2018-1224 to ADP.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s31

ISSUED AS A MANDATE (as to 2018-1224 only): August 2, 2018